IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR CITRUS COUNTY, FLORIDA
CIRCUIT CIVIL CASE NO.: *2011 CA 788*

KERRI O'BRIEN,

       Plaintiff,

vs.

AIMBRIDGE HOTEL GROUP, LLC,
AIMBRIDGE HOSPITALITY, L.P.,
AIMBRIDGE EMPLOYEE SERVICE CORP.,
SCOUT PLANTATION OWNER, LLC and
SCOUT REAL ESTATE CAPITAL LLC,

       Defendants.

_____/

## COMPLAINT

Plaintiff, KERRI O'BRIEN, by and through her undersigned attorney, hereby sues the Defendants, AIMBRIDGE HOTEL GROUP, LLC, AIMBRIDGE HOSPITALITY, L.P., AIMBRIDGE EMPLOYEE SERVICES CORP., SCOUT PLANTATION OWNER, LLC, SCOUT REAL ESTATE CAPITAL, LLC, and SCOUT REAL ESTATE CAPITAL LLC, hereinafter collectively referred to as "DEFENDANTS" and alleges as follows:

### JURISDICTION AND VENUE

1.    This is an action for damages in excess of $15,000.00.

2.    Venue lies within Citrus County, Florida because a substantial part of the events giving rise to this claim arose in this Judicial District.

### PARTIES

3.    Plaintiff is a resident of Citrus County, Florida.

4.    Defendant, AIMBRIDGE HOTEL GROUP, LLC is a foreign corporation, authorized and doing business in this Judicial District.

5.     Defendant, AIMBRIDGE HOSPITALITIY, L.P. is a foreign corporation, authorized and doing business in this Judicial District.

6.     Defendant, AIMBRIDGE EMPLOYEE SERVICE CORP. is a foreign corporation, authorized and doing business in this Judicial District.

7.     Defendant, SCOUT PLANTATION OWNER LLC is a foreign corporation, authorized and doing business in this Judicial District.

8.     Defendant, SCOUT REAL ESTATE CAPITAL LLC is a foreign corporation, authorized and doing business in this Judicial District.

## ADMINISTRATIVE PREREQUISITES

9.     All conditions precedent to bringing this action have occurred.

10.     Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). A copy of the charge is attached as Exhibit "A".

11.     Plaintiff, KERRI O'BRIEN, then received Notices of Right To Sue from the EEOC. See attached Exhibit "B".

12.     More than 180 days have passed since the filing of the Charge.

## GENERAL ALLEGATIONS

13.     At all times material, Defendants acted with malice and with reckless disregard for Plaintiff's State protected rights.

14.     At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

15.     Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

16.     Plaintiff requests a jury trial for all issues so triable.

## FACTS

17.     Plaintiff began her employment with Defendants or about November 7, 2007 as a Server.

18.     Beginning on or about August 2008, Plaintiff began being subjected to repeated instances of sexual harassment by a the Sous Chef, Randy.

19.     During Plaintiff, KERRI O'BRIEN's, employment with Defendants, Randy, repeatedly made sexual comments to Plaintiff. Some examples of the offensive comments and conduct include:

     a.     Randy would say to Ms. O'Brien "That accent is sexy, where are your from?"

     b.     "I bet you look sexy naked and pregnant."

     c.     "There is something about a pregnant girl that really turns me on."

     d.     "Kerri, you look amazingly sexy, you now have this Barbie porn-star exotic look to you."

     e.     "I had this dream of you last night. We were both in my bedroom, naked, and just as I was looking in your eyes and about to kiss you, my alarm went off. It was unreal how real it seemed."

     f.     As Ms. O'Brien was stirring the S.O.D. (soup of the day), she asked Randy what kind of soup it was. Randy smacked Ms. O'Brien from behind and stated "S.O.D. is cream of Kerri's nice ass."

     g.     On one occasion, Randy asked Ms. O'Brien to come into his office. He showed her a picture of a naked woman on a Harley bike, and told her that was how he pictured her

on the back of his bike.

   h.  Several times Randy invited Ms. O'Brien to have drinks and dine with him. Ms. O'Brien would continuously respond, "No thank you."

   i.  Randy would text and leave messages for Ms. O'Brien, to which she would not respond.

  20.  On or about April 2010, Plaintiff reported the unlawful conduct to the Human Resources representative, Karen Lettow.

  21.  On or about May 12, 2010, Ms. O'Brien submitted a written complaint to the Human Resources representative, Karen Lettow.

  22.  Approximately two days after submitting her written complaint, Plaintiff was told by her manager, Mike Dias, that she could not return to work without a doctor's note for a day that she had taken off to tend to her ill son.

**COUNT I**
**FLORIDA CIVIL RIGHTS ACT - SEXUAL HARASSMENT**

  23.  Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-22.

  24.  Plaintiff is a member of a protected class.

  25.  The aforementioned actions by the male coworker constitute unwelcome sexual harassment.

  26.  The harassment was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment.

  27.  The Defendants knew or should have known of the harassment of Plaintiff.

28.     The aforementioned actions created a hostile environment and constitutes discrimination on the basis of sex, in violation of the Florida Civil Rights Act.

29.     The sexual harassment and conduct of the male coworker created a hostile work environment which interfered with Plaintiff's ability to perform her job.

30.     The Defendant's actions were intentional and encouraged an environment where degradation based on sex was common and tolerated.

31.     As a result of Defendants' unlawful sexual harassment and retaliation, Plaintiff has suffered and continues to suffer damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.  Plaintiff has also suffered lost wages and benefits and lost employment opportunities.

WHEREFORE, Plaintiff, KERRI O'BRIEN, demands a trial by jury and judgment against Defendants for:

a.      Back pay  and benefits;

b.      Interest in back pay and benefits;

c.      Front pay and future benefits;

d.      Loss of future earning capacity;

e.      Emotional pain;

f.      Suffering;

g.      Attorneys fees and costs;

h.      Punitive damages;

i.      Inconvenience; and

j.      For any other relief this Court deems just and equitable.

~5~

## COUNT II
### FLORIDA CIVIL RIGHTS ACT - RETALIATION

32.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-22.

33.     Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by the Florida Civil Rights Act.

34.     The aforementioned actions by Defendants constitute retaliation by Defendants in violation of Florida Statutes Chapter 760.

35.     As a result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.  Plaintiff has also suffered lost wages and benefits and lost employment opportunities.

WHEREFORE, Plaintiff, KERRI O'BRIEN, demands a trial by jury and judgment against Defendants for:

a.     Back pay and benefits;

b.     Interest in back pay and benefits;

c.     Front pay and future benefits;

d.     Loss of future earning capacity;

e.     Emotional pain;

f.     Suffering;

g.     Attorneys fees and costs;

h.     Punitive damages;

i.       Inconvenience; and

j.       For any other relief this Court deems just and equitable.

## COUNT III
## FLORIDA CIVIL RIGHTS ACT - SEX DISCRIMINATION

36.      Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in

Paragraphs 1-22.

37.      Plaintiff is a member of a protected class under the Florida Civil Rights Act.

38.      By the conduct described above, Defendants engaged in unlawful employment

practices and discriminated against Plaintiff on account of her gender in violation of the Florida

Civil Rights Act.

39.      Defendants knew, or should have known of the discrimination.

40.      As a result of Defendants' unlawful discrimination, Plaintiff has suffered and

continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendants:

a.       Back pay and benefits;

b.       Interest on back pay and benefits;

c.       Front pay and benefits;

d.       Compensatory damages for emotion pain and suffering;

e.       Punitive damages;

f.       For costs and attorney's fees;

g.       Injunctive relief;

h.       For any other relief this Court deems just and equitable.

## COUNT IV
## TITLE VII – SEXUAL HARASSMENT

41.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-22.

42.     Plaintiff is a member of a protected class.

43.     The aforementioned actions by Defendants constitute unwelcome sexual harassment.

44.     The harassment was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment.

45.     The Defendant knew of or should have known of the harassment to Plaintiff.

46.     The aforementioned actions constitute discrimination on the basis of sex, in violation of Title VII of the Civil Rights Act.

47.     The Defendants' actions were intentional and encouraged in an environment where degradation based on sex was common and tolerated.

48.     As a result of Defendants' unlawful sexual harassment, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendants:

a.     Back pay and benefits;

b.     Interest;

c.     Front pay and benefits;

d.     Compensatory damages;

e.     Pecuniary and non-pecuniary losses;

f.       Costs and attorney's fees;

g.       Punitive damages; and

h.       For any other relief this Court deems just and equitable.

## COUNT V
## TITLE VII - RETALIATION

49.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-22.

50.     Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Title VII.

51.     The above described acts of retaliation constitute a violation of Title VII, 42 U.S.C. Section 2000 et seq.

52.     As a result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendants:

a.       Back pay and benefits;

b.       Interest on back pay and benefits;

c.       Front pay and benefits;

d.       Compensatory damages;

e.       Pecuniary and non-pecuniary losses;

f.       Costs and attorney's fees;

g.       Punitive damages; and

h.       For any other relief this Court deems just and equitable.

˜9˜

## COUNT VI
## TITLE VII - SEX DISCRIMINATION

53.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-22.

54.    Plaintiff is a member of a protected class under Title VII.

55.    By the conduct described above, Defendants engaged in unlawful employment practices and discriminated against Plaintiff on account of her gender in violation of Title VII of the Civil Rights Act.

56.    Defendants knew, or should have known of the discrimination.

57.    As a result of Defendants' unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, KERRI O'BRIEN, prays for the following damages against Defendants:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotion pain and suffering;

e.    Punitive damages;

f.    For costs and attorney's fees;

g.    Injunctive relief;

h.    For any other relief this Court deems just and equitable.

WHEREFORE, Plaintiff, KERRI O'BRIEN, demands a trial by jury and judgment

against Defendants, AIMBRIDGE HOTEL GROUP, LLC, AIMBRIDGE HOSPITALITY, L.P.,

AIMBRIDGE EMPLOYEE SERVICES CORP., SCOUT PLANTATION OWNER, LLC,

SCOUT REAL ESTATE CAPITAL, LLC,  and  SCOUT REAL ESTATE CAPITAL LLC  for

an amount within the jurisdictional limits of this Court, to wit: More than

Fifteen Thousand ($15,000.00) Dollars, plus costs, and for such other relief to which the Plaintiff

may be justly entitled.

   Dated this _16th_ day of February 2011.

                              FLORIN, ROEBIG, P.A.


                              Wolfgang M. Florin
                              Florida Bar No. 907804
                              Hunter A. Higdon
                              Florida Bar No. 008596
                              777 Alderman Road
                              Palm Harbor, Florida 34683
                              Telephone No.: (727) 786-5000
                              Facsimile No.: (727) 772-9833
                              Attorney for Plaintiff

CHARGE OF DISCRIMINATION   511-2010-02000

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| | ✓ FEPA | |
| | ✓ EEOC | |

State or local agency, if any: Florida Commission On Human Relations and EEOC

Name (Indicate Mr., Mrs., Ms.)
Kerri O'Brien

HOME TELEPHONE (Include Area Code)

STREET ADDRESS

CITY, STATE AND ZIP CODE

DATE OF BIRTH

NAME OF THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one, list below)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include area code) |
|---|---|---|
| Aimbridge Hospitality | 100+ | 352-795-4211 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 9301 West Fort Island Trail | Crystal River, FL 34429 | Citrus County |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

DATE DISCRIMINATION TOOK PLACE

RACE    COLOR    SEX X   RELIGION    NATIONAL ORIGIN

RETALIATION X   AGE    DISABILITY    OTHER (Specify)

| EARLIEST | LATEST |
|---|---|
| August 2008 | May 10, 2010 |

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s))

I:     PERSONAL HARM: I began my employment as a Server with Aimbridge Hospitality on November 7, 2007. On or about August 2008, the Sous Chef, Randy (last name unknown) began making sexual comments to me such as "That accent is sexy, where are you from?" and "I bet you look sexy naked and pregnant" to name a few. Randy would invite me to have drinks and dine with him several times. I continuously responded, "No thank you" and that I was in a relationship. Randy would text me and leave me messages to call him which I did not respond to. I finally made a verbal complaint to the Human Resource representative, Karen Lettow in April 2010. My complaint was dismissed and on or about May 12, 2010, I made a written complaint to Karen Lettow. Two days later, I was told by my manager, Mike Dias that I could not return to work without a doctor's note for a day that I took off to tend to my ill son.

II:     RESPONDENT'S REASON FOR ADVERSE ACTION: I was removed from the schedule until I brought in a doctor's note.

III:     STATEMENT OF DISCRIMINATION: I believe I was discriminated against because of my sex and was retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, and Florida Chapter 760.

_____ I want this charge filed with both the EEOC and the State or local agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.
I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
I declare under penalty or perjury that the foregoing is true and correct.

NOTARY - (When necessary for State and Local Requirements)
SIGNATURE OF COMPLAINANT SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE

NOTARY PUBLIC:

SIGN

PRINT   Albert M CAROSELLA
State of Florida at Large (SEAL)

| DATE 6-9-10 | CHARGING PARTY (Signature) Kerri O'Brien |
|---|---|

EEOC FORM 5 (Rev 06/92)

ALBERT M. CAROSELLA
Notary Public - State of Florida
My Comm. Expires Jun 7, 2013
Commission # DD 866543
Bonded Through National Notary Assn.

EXHIBIT
"A"

EEOC Form 161-B (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Ms. Kerri O'Brien ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

From: Tampa Field Office
501 East Polk Street
Room 1000
Tampa, FL 33602

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 511-2010-02000 | Jearlean Johnson, Investigator | (813) 202-7913 |

NOTICE TO THE PERSON AGGRIEVED:

(See also the additional information enclosed with this form.)

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

- [X] More than 180 days have passed since the filing of this charge.
- [ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.
- [X] The EEOC is terminating its processing of this charge.
- [ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

- [ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.
- [ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Carla von Banja yn_

Ozzie L. Black,
Acting Director

DEC 2 · 2010

(Date Mailed)

Enclosures(s)

cc:
Ms. Kathryn Milarta
Director of Human Resources
AIMBRIDGE HOSPITALITY
4100 Midway Road, Suite 2115
Carrollton, TX 75007

Nicholas I Ottaviano, Esquire
Floorin Roebig, P.A.
777 Alderman Road
Palm Harbor, FL 34683



EXHIBIT

"B"